NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-319

MILDRED KIRKLIN, ET VIR

VERSUS

BROOKSHIRE GROCERY COMPANY, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 216,871
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE
**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Howard N. Nugent Jr.
Nugent Law Firm
P. O. Box 1309
Alexandria, LA 71309-1309
(318) 445-3696
Counsel for Plaintiff-Appellant:
 Mildred Kirklin
 Arthur Kirklin

James Morgan Passman
Walker, Passman & Michiels
P. O. Box 13020
Alexandria, LA 71315-3020
(318) 445-4516
Counsel for Defendant-Appellee:
 Brookshire Grocery Company
 Randy Randall

**PICKETT, Judge.**

The appellants, Mildred Kirklin and her husband Arthur Kirklin, appeal a judgment of the trial court granting a Motion for Summary Judgment and dismissing her suit against Brookshire Grocery Company.

## STATEMENT OF THE CASE

Mrs. Kirklin was shopping at Super One Food Store in Alexandria, Louisiana, on April 29, 2003. She alleges that she stepped on a chicken thigh bone while walking near aisle four at the store. While her son was able to catch her before she fell to the ground, she alleges she injured her back when she slipped on the chicken bone.

On April 28, 2004, Mrs. Kirklin and her husband filed suit against Brookshire Grocery Company d/b/a Super One Food Store (hereinafter "Brookshire") and its manager, Randy Randall. On August 6, 2006, the defendants filed a Motion for Summary Judgment. The basis for the motion was that Mrs. Kirklin was unable to produce evidence that Brookshire had actual or constructive notice that there was a chicken bone on the floor as required pursuant to La.R.S. 9:2800.6.

The trial court heard arguments on the Motion for Summary Judgment on December 18, 2006. At the conclusion of the hearing, the trial court granted the motion. A judgment dismissing the claims of Mrs. Kirklin and Mr. Kirklin was signed on January 3, 2007. From this judgment, the Kirklins appeal.

## ASSIGNMENTS OF ERROR

The appellants, Mildred and Arthur Kirklin, assert one assignment of error:

> The lower court fell into error in failing to recognize that the plaintiff successfully proved that the merchant had constructive notice of the hazard and the plaintiff opposed and disputed the defendant's assertion that it was entitled to a Summary Judgment of Dismissal.

1

# DISCUSSION

The supreme court discussed appellate review of summary judgments in *Duncan v. U.S.A.A. Insurance Co.*, 06-363, pp. 3-4 (La. 11/29/06), 950 So.2d 544, 546-547:

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact. The summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State Univ.*, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. In ruling on the present cross motions for summary judgment, we will determine whether either party has established there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

This action is an action against a merchant governed by La.R.S. 9:2800.6, which states, in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

In order to defeat the motion for summary judgment, then, Mrs. Kirklin has to prove that there is a genuine issue of material fact as to whether Brookshire had actual or constructive notice that the chicken bone was on the floor. The supreme court discussed this burden of proof in *White v. Wal-Mart Stores, Inc.*, 97-393, pp. 4-5 (La. 9/9/97), 699 So.2d 1081, 1084-85(footnotes omitted):

This statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time ..." The

statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.

Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

Mere speculation that a condition existed for a period of time and that a merchant was negligent in failing to notice that condition is insufficient to meet the burden necessary to defeat a motion for summary judgment. *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37.

Mrs. Kirklin testified in her deposition, which was made part of the note of evidence in the summary judgment proceeding, that the chicken bone and a small grease spot were in the center of the aisle when she slipped on it. She testified that it must have been there all night, because the deli had not begun to fry chicken when she was there at noon because she did not smell any chicken. She also testified that there was dust and dirt on the aisle, as well as a piece of paper towel. Mrs. Kirklin also signed an affidavit wherein she explained that she did an experiment in her kitchen, and the chicken bone she slipped on was the same color as a chicken bone she cooked in her own kitchen, took the meat off the bone, and let set out for twelve hours. She also testified that someone at a doctor's office told her that the bone was

there the night before, but she was unable to produce the witness, and her own testimony is hearsay.

Brookshire submitted the affidavit of its assistant store director, Mark McGrew, into evidence. He stated that he did an investigation after Mrs. Kirklin reported her fall and determined that neither he nor any other employee of Brookshire had notice of the chicken bone on the floor. He also stated that he checked the aisles that morning and found no chicken bones in the aisles. Finally, he stated that Brookshire's deli fries chicken before 8:00 a.m. each day.

Mrs. Kirklin was able to create a genuine issue of material fact that the chicken bone was on the floor for such a period of time that Brookshire had constructive notice of its presence. Her kitchen experiment may tend to prove that the chicken bone may have been old. Her statement that she did not smell any chicken, therefore the deli had not cooked any that morning, may be contradicted by the affidavit of Mr. McGrew, but credibility determinations are not proper in summary judgment determinations. The fact that there was dust and dust balls on the floor offers evidence that the floor had not been swept, even though it does not show how long the chicken bone had been on the floor.

## CONCLUSION

Because there are questions of material fact, the judgment of the trial court is reversed. The case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Brookshire Grocery Company.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

5