764 So.2d 37 (2000)
Leonard J. BABIN
v.
WINN-DIXIE LOUISIANA, INC.
No. 00-C-0078.
Supreme Court of Louisiana.
June 30, 2000.
*38 David John Calogero, Lafayette, Counsel for Applicant.
Kenneth Warren DeJean, Lafayette, Counsel for Respondent.
PER CURIAM.[*]
At issue in this case is whether the court of appeal erred in reversing the district court's grant of summary judgment in favor of defendant. For the reasons assigned, we reverse the judgment of the court of appeal and reinstate the district court's judgment.

FACTS AND PROCEDURAL HISTORY
Leonard Babin filed the instant suit against Winn-Dixie Louisiana, Inc. ("Winn-Dixie"), seeking to recover damages for injuries he allegedly sustained in a February 16, 1996 slip and fall accident inside the Winn-Dixie store in Scott, Louisiana. Plaintiff claimed that he had been shopping in the store for only five or ten minutes when he slipped and fell on several plastic toothpick boxes, approximately eight or nine inches in length, which were on the floor of aisle # 5. Plaintiff admitted in his deposition that he did not know how the toothpick boxes got on the floor, nor did he know how long they had been on the floor before he fell.
Winn-Dixie subsequently filed a motion for summary judgment, contending that plaintiff could not meet his burden of proof under La. R.S. 9:2800.6,[1] as interpreted by this court in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. Specifically, Winn-Dixie argued plaintiff could not prove it had constructive notice of the condition, an essential element of his claim under La. R.S. 9:2800.6, because he failed to demonstrate that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. In support, Winn-Dixie submitted the affidavits of Julie Padgett, one of its sales associates, and Keith Robin, the store's produce manager. Ms. Padgett stated that prior to plaintiff's accident, she was changing a sales display immediately adjacent *39 to the end of aisle # 5. Ms. Padgett testified that she "last observed the floor at the location of the plaintiffs alleged accident approximately 10 minutes prior to the incident and the toothpick boxes which plaintiff alleges to have fallen on were not present as of her last observation." Mr. Robin testified that he performed a regular zone check inspection at 11:00 a.m., twenty minutes prior to plaintiffs accident, and he also confirmed that there were no toothpick boxes on the floor at that time.
After a hearing, the district court granted Winn-Dixie's motion for summary judgment and dismissed plaintiffs suit, finding that plaintiff had failed to come forward with positive evidence to show that the condition existed for such a period of time that Winn-Dixie should have reasonably discovered it.
Plaintiff appealed the district court's judgment. The court of appeal reversed the judgment, in an opinion not designated for publication.[2] The court reasoned that Ms. Padgett's affidavit stating she did not observe the toothpick boxes on the floor ten minutes prior to plaintiffs fall was insufficient to dispose of the questions of fact concerning this issue, because there was a possibility Ms. Padgett was negligent in not observing the toothpick boxes. Accordingly, the court of appeal reversed the summary judgment and remanded the matter to the district court for further proceedings.
Upon Winn-Dixie's application, we granted certiorari to review the correctness of that ruling.[3]

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. P. art. 966(A)(2). In 1997, the legislature enacted La.Code Civ. P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. *40 See MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
In the instant case, we find Winn-Dixie pointed out to the court that there was an absence of factual support for an essential element of plaintiff's cause of action under La. R.S. 9:2800.6, because plaintiff was unable to satisfy the constructive notice requirement of the statute by showing the toothpick boxes were on the floor for some period of time prior to his alleged fall. In support, Winn-Dixie produced the affidavit of its employee, who stated she had inspected the aisle ten minutes prior to plaintiff's fall and did not observe any toothpick boxes on the floor. At that point, the burden shifted to plaintiff to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Plaintiff was unable to produce any factual support for his contention that the toothpick boxes were on the floor for some period of time before his fall.
The court of appeal speculated that plaintiff could show there was a possibility the boxes had been on the floor for some period of time, and that Winn-Dixie's employee was negligent in failing to observe them. However, such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial.[4] As we explained in White, in order to prevail under La. R.S. 9:2800.6, the plaintiff must make a positive showing of the existence of the condition prior to the fall:
The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. There is a temporal element included: "such a period of time..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Despite his speculation that the condition may have existed for some period prior to his fall, plaintiff is clearly unable to make a positive showing that the condition did exist for some period of time period to his fall.
In sum, we find Winn-Dixie met its burden of showing an absence of factual support for an essential element of plaintiff's claim. Plaintiff failed to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Accordingly, the district court properly granted summary judgment in favor of Winn-Dixie. The judgment of the court of appeal must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The *41 district court's judgment granting summary judgment in favor of Winn-Dixie, Louisiana, Inc. and dismissing plaintiff's suit with prejudice is reinstated. All costs in this court are assessed against plaintiff.
JOHNSON, J., dissents and assigns reasons.
JOHNSON, J., dissenting.
I disagree with the majority's decision denying plaintiff an opportunity to have his day in court. In this slip and fall case, the majority concludes that the defendant, Winn-Dixie, met its burden of showing an absence of factual support for an essential element of plaintiff's claim, constructive notice, under La. R.S. 9:2800.6. This determination is predicated upon one employee's affidavit that she did not observe the toothpicks, which caused plaintiff's injury. Thus, defendant did not have constructive notice as required by the statute.
There is evidence, however, that the toothpicks were on the floor of the grocery aisle for some time. Defendant's daily log, which include zone check times, indicate an inspection had been made more than twenty minutes before plaintiffs fall. Moreover, plaintiff has not had the opportunity to question defendant's employee, who may have been negligent about her duties in the grocery store. The majority concludes that "none of this evidence constitutes factual support sufficient to establish that plaintiff could satisfy his evidentiary burden of proving the toothpick boxes had been on the floor for some period of time." I disagree. These facts demonstrate that plaintiff produced sufficient factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial.
I would affirm the ruling of the court of appeal and allow plaintiff to present his case to the jury.
NOTES
[*] Calogero, C.J., not on panel, recused. Rule IV, Part II, § 3.
[1] La. R.S. 9:2800.6, as revised in 1990 and in effect at the time of the instant accident, provided in pertinent part as follows:

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
[2] Babin v. Winn-Dixie Louisiana, Inc., 99-1197 (La.App. 3d Cir.12/8/99), 759 So.2d 348 (designated not for publication).
[3] Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.2/25/00), 755 So.2d 244.
[4] Plaintiff also relies upon the daily zone log record for the store's produce department, and the store's incident report of his fall, in support of his argument that the aisle where the accident occurred was not inspected for at least ten minutes before he fell. Plaintiff further relies on his own deposition testimony that he did not see any Winn-Dixie employees in the area. However, none of this evidence constitutes factual support sufficient to establish that plaintiff could satisfy his evidentiary burden of proving the toothpick boxes had been on the floor for some period of time.