United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-31057
Summary Calendar

IRENE FRAISE

Plaintiff-Appellant,

versus

WAL-MART LOUISIANA LLC,

Defendant-Appellee.

--------------------
Appeal From the United States District Court
for the Eastern District of Louisiana
2:05-CV-4178
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Irene Fraise, sued the defendant for injuries she incurred from slipping on vegetable matter in a Wal-Mart store in Harvey, Louisiana. The plaintiff appeals the dismissal of her claims below on summary judgment.

We review a grant of summary judgment de novo, applying the same legal standards as the district court. Chacko v. Sabre, Inc., 473 F.3d 604, 609 (5th Cir. 2006). Summary judgment is proper when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a matter of law." Fed. R. Civ. P. 56(c). While the moving party bears the burden of establishing that there are no genuine issues of material fact, it may satisfy this burden by showing that "that there is an absence of evidence to support the nonmoving party's case" as to an issue where the nonmoving party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

The plaintiff admits that she must show that Wal-Mart "either created or had actual or constructive notice of the condition which cause the damage, prior the occurrence...." La. Rev. Stat. Ann. § 9:2800.6(B). The plaintiff relies on appeal on the claim that Wal-Mart "created" the condition that led to the fall, namely the presence of vegetable matter on the floor. Plaintiff argues that the affidavit of Carlos Fraise, a former employee of the Harvey Wal-Mart, establishes that the only potential cause of vegetable matter on the floor of the store's meat department was a Wal-Mart employee moving trash through that section of the store.

The evidence produced by the plaintiff was not sufficient to survive summary judgment. Contrary to the assertions of the plaintiff on appeal, Mr. Fraise's affidavit does not claim that the only potential source of the vegetable matter was a Wal-Mart employee. Rather, he alleges that during his tenure as an employee, several years prior to the accident, he never saw a customer drop vegetable matter from their shopping cart. He speculates that the most likely cause would be that the vegetable matter was dropped by a Wal-Mart employee transporting trash. However, speculation alone

"falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden of proof at trial." Babin v. Winn-Dixie Louisiana, Inc., 764 So.2d 37, 40 (La. 2000). Moreover, the plaintiff has not appealed or contested the district court's ruling that Mr. Fraise's lay opinion as to the source of the vegetable matter would not be admissible at trial under Federal Rule of Evidence 701. Because the plaintiff produced no evidence that Wal-Mart created the condition causing the fall, we AFFIRM the decision of the district court.