ROBERT L. LOBRANO, Judge Pro Tempore.
I ¿This is an appeal by Brenda Stewart, plaintiff-appellant, from a summary judgment dismissing with prejudice her suit against Regions Financial Corporation and Amsouth Bank (Region’s predecessor entity), defendants-appellees, in this slip and fall case. For the following reasons, we affirm that judgment.
The facts are straightforward. At the time in question, plaintiff was approaching the door of defendants’ bank when she fell. The following exchange took place at her deposition:
Q. Why don’t you walk me through what happened from when you got out of your vehicle until when the accident happened.
A. Well, when I got out my car, you know, went to go in the bank, and I don’t know if I stumbled, how I fell, but the next thing I knew, I stumbled or whatever and then I fell. And after I fell, I looked around a while to try and get up. My lip was bleeding and my knee was bleeding. And I thought I knocked my tooth out and I was trying to get up. And I looked around trying to see if I could see somebody to help me, but I couldn’t see anybody. So finally I got up and went into the bank.
Q. When you say you stumbled, did you trip over something or fall into something? What caused you to fall in your opinion?
A. I can’t really say. I don’t know. I just remember stumbling, and the next thing I know I was down.
IsQ. Did you look back to see perhaps what you had stembled over or fallen into?
A. It was all I could do to get up with my sides and falling down on the ground *1260 because it took all the energy I had to try to get up.
Q. So you’re not really sure what caused you to fall?
A. I’m not really sure what caused me to fall, no.
On the basis of this testimony the defendant banks moved for summary judgment, and this motion was granted. This appeal followed.
The rules governing motions for summary judgment are set forth in Art. 966 of the La.Code of Civil Procedure. That article pertinently provides that when the moving party will not bear the burden of proof at trial, it is sufficient to point out to the court that there is an absence of factual support for one or more essential elements of the adversary’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish these elements, then there is no issue of material fact, and summary judgment shall be granted. Babin v. Winn-Dixie Louisiana, Inc., 2000-0078 (La.6/30/00), 764 So.2d 37.
Here, plaintiff was unable to point to any defect or condition on defendants’ premises which caused her to fall. She did submit photographs of the entrance of the bank where she fell, as well as an expert opinion concerning the layout of the area. The expert pointed out that there was a 3 1/2 inch rise where the entryway pavers adjoined the parking area. His opinion was that this rise should have been highlighted with yellow paint, and that the failure to do so rendered it a trip hazard. The trial judge excluded this report on the grounds that no expert testimony was necessary to determine whether this condition was a hazardous one.
Appellant argues that it was error to exclude this report. We need not decide that question because even were the report to be considered, there is no evidence to suggest that appellant tripped at the point identified in the report.
^Considering the entire record of the case, we conclude that the motion for summary judgment was properly granted, and therefore affirm the judgment of the trial court.

AFFIRMED