SUSAN M. CHEHARDY, Chief Judge.
1 pThis is a dispute between the owners of a corporation over their proportionate shares in the company. The parties filed opposing petitions for declaratory judgments to proclaim their respective interests. One party now appeals the district court’s granting of a motion for summary judgment in favor of the other party. We reverse and remand.
FACTS
On November 9, 2010,' Francis W. Gui-dry filed a petition for declaratory judgment against Richard Allan Savoie and River Parish Contractors, Inc. (“RPC”).[1] Guidry alleged that he, Savoie, and Chad Bourgeois formed RPC in order to purchase the assets of another company, Highland Industrial Services, Inc. (“HISI”) and go into business together.[2] Guidry alleged he was the pivotal figure in negotiating the purchase of the assets from HISI and in other ways, including obtaining fínáncing, while RPC got up and running. He alleged that he assumed the position of President of RPC and has held that position continuously since RPC’s formation.
IsGuidry alleged that in consideration of his efforts, he, Savoie, and Bourgeois agreed that Guidry would own a 60 per *1164 cent interest in RPC and that Savoie and Bourgeois each would own a 20 percent interest in the company. However, no stock certificates were ever issued. Gui-dry alleged that despite the parties’ agreement to those ownership percentages, Sa-voie now claims that he owns 50 percent of RPC, rather than the 20 percent that was originally agreed between the parties. Guidry sought a declaration from the court that the ownership of RPC is as follows: Guidry, 60 percent; Savoie, 20 percent; Bourgeois, 20 percent.
Guidry made RPC a defendant as a party needed for just adjudication, pursuant to La. C.C.P. art. 641, since the ownership of RPC will need to be reflected on the stock register of RPC and shares of stock issued to the shareholders of RPC evidencing their ownership interests. Gui-dry also requested that the court order RPC to issue shares of stock to RPC’s shareholders in the percentages of ownership stated in the petition, and to reflect that ownership in the company’s stock register.
On November 19, 2010, Savoie filed .his own petition for declaratory judgment against Guidry and RPC, in which Savoie sought to be declared owner of 50 percent of the shares of RPC.[3] Savoie asserted that he and Guidry were listed on the Domestic Business Corporation Initial Report as the first directors of RPC, but that stock certificates were never issued. Savoie stated that at the time the company was formed, he believed that he and Guidry were each owners of 50 percent of the stock. Savoie sought a declaration from the court that he is owner of 50 percent of the shares of RPC. He joined RPC as a defendant as an indispensable party.
I/The two lawsuits were consolidated. The parties thereafter proceeded with discovery.
On May 1, 2012, Guidry filed a motion for summary judgment, seeking judgment declaring him to be the owner of 60 percent of the stock in "RPC and Savoie to be the owner of 20 percent of the stock. He attached supporting documents.[4]
Savoie filed an opposition to the motion for summary judgment, also attaching supporting documents (many of them the same documents attached to Guidry’s motion).[5]
*1165 At the hearing on the motion for summary judgment, counsel for Guidry asserted that the corroborating evidence presented for Guidry’s claim of 60 percent ownership leaves no disputed material facts, so that summary judgment should be granted in favor of Guidry.
Savoie’s counsel contended the case was not ripe for summary judgment because the intent of the parties and the credibility of the witnesses can never be determined on summary judgment. He asserted there are documents that clearly establish there was confusion about the percentages of ownership for each party. The organizational resolutions drawn up by the company’s lawyer, Anthony RNobile, show varying percentages of ownership, but none of them are signed. The original tax returns were amended, but none of them show the percentages of ownership. They had to re-fíle as a C corporation because they did not make a timely election to be an S corporation. Savoie’s counsel argued that it all depends on proving the intent of the parties.
In rebuttal, Guidry’s counsel cited La. C.C. Art. 1846, which provides that oral evidence is insufficient to prove a contract over $500. He asserted that Savoie has not produced corroborating evidence. Further, he argued, an amendment to a tax return does not wipe out the prior return, and the ownership percentages set out in the original return showed the ownership as 60-20-20.
On August 7, 2012, the court issued a judgment granting Guidry’s motion for summary judgment and declaring that Guidry has a 60 percent ownership interest in the stock of RPC, with Savoie and Bourgeois each having a 20 percent ownership interest. The court dismissed Savoie’s petition for declaratory judgment.[6]
In reasons for judgment incorporated into the judgment, the trial court found,
The Court finds that Savoie has not met his burden on this Motion for Summary Judgment.... In the present matter, the affidavits and evidence submitted by Guidry clearly establish that the only agreement among the stockholders was that ownership of RPC was to be divided as follows: 60%, 20%, 20%, with Guidry being the majority stockholder. Also, Guidry unequivocally testified that he made the decision to form RPC, and that he invited Savoie and Bourgeois to join him. Savoie has never refuted this testimony. In addition, the documentation provided by Guidry, such as the tax records and letter to Bourgeois, serve as corroborating evidence to support his motion. Savoie’s own 2001 federal income tax return, financial statement, and RPC’s 2001 Form 1120 federal income tax support the assertion that the ownership is 60%, 20%, 20%.
[[Image here]]
Here, the Court finds that there exists an absence of factual support for Sa-voie’s Petition for Declaratory Judgment. At the hearing on this matter, Savoie was not able to produce any evidence to indicate that there was a genuine issue of material fact. The documentation that Savoie did present was either self-serving or irrelevant to the *1166 matter at hand. On the other hand, Guidry presented documentation such as tax records, deposition testimony, and a letter to Bourgeois which all showed the ownership of RPC as 60%, 20%, 20%, with Guidry being the majority shareholder. Although Savoie claims that the tax documents were incorrect and that he later filed an amendment to correct the error as to the ownership percentages of RPC, the Court did not find that the evidence presented corroborated Sa-voie’s allegations.
All of Guidry’s allegations are verified by independent witness, such as Gui-dry’s attorney, Anthony Nobile and his accountant, Edgar J. Dillard, Jr. The Court believes Savoie’s assertion that at some point Guidry may have considered increasing Savoie’s and Bourgeois’s stock interests, however, there is no evidence to show that this was ever done. To the contrary, all of the relevant and corroborating evidence submitted in support of Guidry’s Motion for Summary Judgment clearly reflect that Guidry, Savoie, and Bourgeois agreed to a division of stock as follows: 60%, 20%, 20%, with Guidry being the majority shareholder.
The court concluded that Savoie had not met his burden of proof, and that no material issues of fact were genuinely in dispute. Accordingly, the court granted the motion for summary judgment, declaring that Guidry has a 60 percent ownership in the stock of RPC, with Savoie and Bourgeois each having a 20 percent ownership interest. The court dismissed Savoie’s petition for declaratory judgment.
Savoie has appealed. He makes the following assignments of error:
1. The trial court erroneously held that Louisiana Civil Code article 1846 is applicable to a dispute over the ownership of a corporation.
2. The trial court erroneously granted Guidry’s Motion for Summary Judgment (and dismissing Savoie’s | ./Declaratory Judgment suit) by finding that Guidry met his burden of proof that no genuine issue of material fact existed and that Gui-dry was entitled to judgment as a matter of law.
ANALYSIS
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Suire v. Lafayette City-Parish Consol. Gov’t, 2004-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48. Thus, appellate courts consider whether summary judgment is proper by determining whether a genuiné issue of material fact exists and whether the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966; Jones v. Estate of Santiago, 2003-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006.
“Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.” Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 4 (La.06/30/00), 764 So.2d 37, 40.
“Summary judgment usually is not appropriate for claims based on subjective facts 'such as motive, intent, good faith, knowledge, and malice. However, this court has acknowledged ‘summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.’ ” (Citations omitted.) Phipps v. Schupp, 2009-2037, p. 6 (La.7/6/10), 45 So.3d 593, 597.
A “genuine issue” is a triable issue. Jones v. Estate of Santiago, 2003-1424 at *1167 6, 870 So.2d at 1006. “An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue.” Id. A “fact is ‘material’ when its | ^existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Id.
I. Applicability of La. C.C. art. 1846
Savoie contends the trial court erroneously held that La. C.C. art. 1846 is applicable to a dispute over the ownership of a corporation. He argues that La. C.C. art. 797 is applicable because the case concerns ownership of a corporation for which no stock certificates were issued. Art. 797 is in the section of the Civil Code dealing with ownership, while Art. 1846 is in the section dealing with obligations.
La. C.C. art. 797 states, “Ownership of the same thing by two or more persons is ownership in indivisión. In the absence of other provisions of law or juridical act, the shares of all co-owners are presumed to be equal.”
La. C.C. art. 1846 provides,
When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.”
We find no merit to the appellant’s argument that Art. 797 should be applied. Stockholders are not owners in indivisión simply because they each own stock in the same company. Rather, each share of stock is a discrete piece of property; undivided ownership would apply only where two or more people owned the same share of stock.
Accordingly, the trial court did not err in applying Art. 1846 to determine the burden of proof.
IflII. Ripeness for Summary Judgment
The remaining issues are whether Gui-dry established that there was no genuine issue of material fact regarding the percentages of ownership in RPC, and whether Guidry was entitled to summary judgment under the provisions of La. C.C.P. art. 966.
A stock certificate is prima facie evidence of corporate ownership, but it must be distinguished from actual ownership, which may be determined from all the facts and circumstances of a case. Int’l Stevedores, Inc. v. Hanlon, 499 So.2d 1183, 1188 (La.App. 5th Cir.1986), writ denied, 501 So.2d 230 (La.1987). An oral agreement for transfer of stock, a movable, is not required to be in writing. Dupuy v. Riley, 557 So.2d 703, 707 (La.App. 4th Cir.1990), writ denied, 563 So.2d 878 (La.1990).
In fulfilling the requirements of La. C.C. art. 1846, parties to an action may serve as their own credible witnesses and they are not required to present proof of every detail of the alleged agreement; general corroboration is sufficient. Dupuy v. Riley, 557 So.2d at 707.
In support of the motion for summary judgment, Guidry attached excerpts from several depositions as well as affidavits. In his deposition he said that he owned 100 percent of the stock when the company was started and that when he asked Savoie to come to work for him, he told Savoie his share would be 20 percent. He admitted he never made a transfer of stock. He had a signed document with Chad Bourgeois, stating that Bourgeois would own 20 percent.
*1168 Guidry also attached excerpts from the deposition of Savoie, in which Savoie admitted he .never complained to Guidry about a tax form that listed Savoie’s interest as 20 percent. In that deposition, Sa-voie also said he had several conversations with Guidry to inform him he was not satisfied with 20 percent.
|10Guidry attached an affidavit of Anthony Nobile, the attorney who drew up the incorporation papers for RPC. Attached to the affidavit was' a document drafted by Nobile titled “Organizational Resolutions,” with handwritten notes by Nobile that his affidavit states were his understanding that the RPC stock division was to be 60% to Guidry, 20% to Bourgeois, and 20% to Savoie. The document was stamped “draft” on every page, and was never signed by the parties.
In opposition to the motion for summary judgment, Savoie attached pages from his own and Guidry’s depositions. On one page Guidry admitted there were no documents to support his claim that the ownership division was 60 percent to him, and 20 percent each to Savoie and Bourgeois. Guidry said, “We don’t have any documents. It was a verbal agreement.”
In his deposition, Guidry also stated that a document was drafted, but neither Bourgeois nor Savoie signed it because Savoie wasn’t happy with the ownership. The draft provided for 50/25/25 apportionment. Guidry said he had considered those share divisions at some point, but because of certain actions of Savoie, increasing their shares “was no longer a consideration.”
He also admitted that stock certificates were never issued, and that the company attorney, Anthony Nobile, probably delayed issuing stock certificates because Guidry told him to wait until he had worked out the ownership percentages. In addition, Guidry acknowledged another draft document with handwritten notations by Nobile, which indicated ownership percentages of 50 percent, 25 percent and 25 percent; Guidry denied it represented the ownership interests on the date of incorporation.
Savoie attached a letter from a bank that established a $900,000 line of credit for RPC. That letter lists both Savoie and Guidry as guarantors of the line of credit, “in solido.”
_[iJSavoie attached excerpts from the deposition of Chad Bourgeois. Bourgeois agreed that RPC was formed by Savoie as well as Guidry. Bourgeois said he had something to do with it, too, although his name is not on the paperwork. He stated, “We all talked about it and ... we discussed what we was gonna do.” Counsel asked Bourgeois whether, as general manager and controller of RPC, he knew of any documents that establish the division of ownership. Bourgeois responded that there are “two different documents: one says 20/20/60, one says 50/25/25.... There is a couple of resolutions that have something. They contradicting, but they do have some divisions on them.” He agreed there is contradiction within the documents.
In light of the principle that summary judgment is seldom appropriate on issues involving subjective intent, we find the trial court erred in granting summary judgment to Guidry. The evidence does not establish there are no genuine issues concerning the proportions of the share ownership. Both Savoie and Guidry were in-corporators of the company, and both guaranteed the line of credit in solido. Reasonable persons could disagree as to whether there was a clear understanding on the allotment of the ownership interests.
Accordingly, we find the trial court erred in granting summary judgment. These matters should be decided at a trial, where the credibility of the witnesses may *1169 properly be determined and the issues may be resolved by the trier of fact.
DECREE
For the foregoing reasons, the judgment is reversed and the matter is remanded. Costs of this appeal are assessed against the plaintiff-appellee, Francis W. Guidry, Jr.

REVERSED AND REMANDED.

. Francis W. Guidry, Jr. versus Richard Allan Savoie and River Parish Contractors, Inc., No. 60742, 40th Judicial District Court, Parish of St. John the Baptist.

. Exhibits offered in evidence state that RPC was incorporated on September 28, 2001, and that it is engaged in mechanical construction, pipe .installation, and capital projects.

. Richard Allan Savoie versus Francis W. Guidry, Jr. and River Parish Contractors, Inc., No. 60871, 40th Judicial District Court, Parish of St. John the Baptist.

. In support of his motion, Guidry attached the following documents: Exhibit A, Guidry's affidavit, with attachments; Exhibit B, excerpts of Savoie's deposition, with attachments; Exhibit C, excerpts of Guidry’s deposition; Exhibit D, affidavit of Chad Bourgeois, the third RPC shareholder, with attachments; Exhibit E, affidavit of Edgar Dillard, RPC’s accountant, with attachments; and Exhibit F, affidavit of Anthony Nobile, RPC's attorney, with attachments; Exhibit G, excerpts of Bourgeois’s deposition; Exhibit H, excerpts of Guidry’s deposition; Exhibit I, excerpts of Savoie’s deposition.

. Savoie’s attachments were as follows: Exhibit 1, agreement between Pipeworks, Inc., Guidry and Savoie, relating to the purchase of assets of Pipeworks' subsidiary, Highland Industrial Services, Inc., by Guidry and Savoie; Exhibit 2, excerpt of Guidry's deposition; Exhibit 3, RPC’s Articles of Incorporation; Exhibit 4, RPC's Initial Report; Exhibit 5, excerpt of Bourgeois’s deposition; Exhibit 6, excerpt of Guidry’s deposition; Exhibit 7, handwritten notations showing apportionment of shares as 50 percent to Guidry, 25 percent to Bourgeois, and 25 percent to Sa-voie; Exhibit 9, Organizational Resolutions of RPC, with handwritten notations listing share apportionments of 60 percent to Guidry, 20 percent to Bourgeois, and 20 percent to Sa-voie; Exhibit 10, excerpt of Guidry's deposition; Exhibit 11, excerpt of Bourgeois’s deposition; Exhibit 12, letter from Union Planters Bank to RPC, listing guarantors of corporation’s line of credit as Guidry and Savoie; Exhibit 13, excerpt of Guidry’s deposition; Exhibit 14, excerpt of Savoie’s deposition; Exhibit 15, excerpt of Savoie’s deposition; *1165 Exhibit 16, Savoie’s 2001 amended tax returns; Exhibit 17, RPC's 2001 tax return; Exhibit 18, unsigned draft RPC Buy-Sell Agreement listing respective ownership interests as 50 percent for Guidry, 25 percent for Bourgeois, and 25 percent for Savoie; Exhibit 19, excerpt of Guidry's deposition; Exhibit 20, excerpt of Guidry's deposition.

. The only document in the record is titled Reasons for Judgment; there is no separate judgment. However, the Reasons for Judg- . ment contain decretal language proper for a judgment. Accordingly, we consider the Reasons for Judgment to be a judgment that incorporates its reasons.