CRICHTON, J.,
would grant and assigns reasons.
IU would grant the writ, reverse the lower courts, grant the defendants’ motion for summary judgment and dismiss the plaintiffs premises liability claim with prejudice. In my view, there is little or no evidence in this summary judgment record that these defendants, a dentist and his professional corporation, knew, or in the exercise of reasonable care should have known, of the alleged defect — the defect being in this case a puddle of soap on the bathroom floor. In her attempt to satisfy the elements of La. Civ.Code art. 2317.1, the plaintiff offers mere conjecture, which is clearly insufficient to establish her evi-dentiary burden in overcoming a motion for summary judgment. See Babin v. Winn-Dixie, 00-0078 (La.6/30/00), 764 So.2d 37.