# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2019

Lyle W. Cayce
Clerk

CORINTHIA LEE,

      Plaintiff - Appellant

v.

DOLGENCORP, L.L.C., Store # 4119,

      Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-525

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

    Corinthia Lee slipped and fell while shopping at her local Dollar General Store. She sued Dolgencorp, L.L.C., and both sides filed motions for summary judgment on liability. The district court granted Dolgencorp's motion and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30366

entered judgment that Lee take nothing from Dolgencorp. Lee timely appealed.[1] We AFFIRM.

Under the relevant statute for premises liability, Louisiana Revised Statute Annotated § 9:2800.6(B)(2), a business either must have created or had constructive notice of the hazardous condition[2] prior to the accident in order to be liable for injuries to a customer. "The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Babin v. Winn-Dixie La., Inc.*, 764 So. 2d 37, 40 (La. 2000) (quoting *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997) (internal quotation marks omitted)). The district court concluded that Lee offered no evidence to support a finding as to how long the hazardous condition had existed before Lee fell. We agree.

AFFIRMED.

---

[1] The district court had diversity jurisdiction over this case, and we have jurisdiction over the appeal under 28 U.S.C. § 1291.

[2] At varying times, Lee identified the hazardous condition as a flag, water, or water and the flag. The distinctions among these potential hazards, however, do not affect the outcome of this appeal.