*JEW*

*WRC by JEW*

## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0789

BOBBY JAMES

VERSUS

CHRISTOPHER J. DUPLANTIS, TERREBONNE PARISH
SHERIFF'S OFFICE, AND ATLANTIC SPECIALTY
INSURANCE COMPANY

JUDGMENT RENDERED: **FEB 2 5 2021**

* * * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne • State of Louisiana
Docket Number 184813 • Division B

The Honorable John R. Walker, Judge Presiding

* * * * * * *

David C. Whitmore
Lawrence Blake Jones
New Orleans, Louisiana

ATTORNEYS FOR APPELLANT
PLAINTIFF—Bobby James


William F. Dodd
W. Seth Dodd
Houma, Louisiana
  and
Richard E. McCormack
Gus A. Fritchie, III
New Orleans, Louisiana

ATTORNEYS FOR APPELLEES
DEFENDANTS—Christopher
Duplantis, Terrebonne Parish
Sheriff's Office, and Atlantic
Specialty Insurance Company

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

In this action for damages, the plaintiff, Bobby James, appeals a summary judgment granted in favor of the defendants, Christopher J. Duplantis; his employer, Jerry Larpenter, the Sheriff of Terrebonne Parish (the Sheriff); and the Sheriff's liability insurer, Atlantic Specialty Insurance Company (Atlantic), which dismissed the plaintiff's claims against the defendants. For reasons that follow, we affirm the judgment of the trial court and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

## BACKGROUND

The underlying material facts of this case are not in dispute. On February 15, 2018, the plaintiff, who was riding a bicycle, collided with a Terrebonne Parish Sheriff's Office transport van, which was being operated by Deputy Duplantis, at the intersection of Roussell Street, a one-lane one-way street (northbound), and West Park Avenue, a two-lane one-way street (westbound), in Houma, Louisiana. The plaintiff was riding his bicycle eastbound, against the flow of westbound traffic, on the shoulder of the left travel lane, *i.e.*, between the curb and the left travel lane edge line, of West Park Avenue, which was a paved area that was three-feet eight inches wide. Directly facing the direction that the plaintiff was traveling, at the northeast corner of the intersection where the collision occurred, was a regulation-size traffic sign that stated "DO NOT ENTER." At the time of the collision, Deputy Duplantis was operating the van northbound on Roussell Street. As Deputy Duplantis approached the stop sign at the intersection of West Park Avenue and Roussell Street and while applying the brakes, he looked to his left (approximately forty-four feet from the curb line at West Park Avenue) and saw no bicycles or pedestrians. Deputy Duplantis then came to a complete stop at the stop sign with the front of the van at the back side of the sidewalk, a distance of five feet and five inches from the curb line of West Park Avenue. Mr. Duplantis looked

2

forward and to the right for oncoming traffic, and seeing none, let his foot off the brake and proceeded to cross West Park Avenue (to continue north on Suthon Avenue). The plaintiff's bicycle then collided with the van at its front left wheel well.

The plaintiff first saw the van on Roussell Street when it was traveling across the bridge that crossed over a bayou, which was approximately one-hundred feet from the intersection curb line. The plaintiff observed the van approach the intersection at West Park Avenue and come to a complete stop at the stop sign. At the stop sign, the plaintiff saw the driver of the van (Deputy Duplantis) look to the right to clear traffic (but not to the left) and then proceed to drive the van forward into the intersection. Although the plaintiff saw and was facing the "DO NOT ENTER" traffic sign, he considered himself a pedestrian and believed he had the right of way. The plaintiff then proceeded directly through the intersection and collided with the front left tire of the van as it entered the intersection. The plaintiff was peddling his bicycle at a speed of approximately five miles per hour.

The plaintiff subsequently commenced this action for damages against Mr. Duplantis, the Sheriff, and Atlantic, claiming personal injuries as a result of the accident. The defendants filed an answer generally denying liability and asserting various affirmative defenses, including the defense that the accident was caused solely by the plaintiff's negligence or fault, i.e., that Deputy Duplantis was free from fault. The matter was scheduled for a bench trial; however, prior to trial, the defendants filed a motion for summary judgment seeking the dismissal of the plaintiff's claims against them on the basis that the plaintiff had no evidence to support his claims that the defendants were liable for his damages. Essentially, the defendants argued that there were no genuine issues of material fact that the negligence of the plaintiff was the sole cause of the collision between the plaintiff's bicycle and the van driven by Deputy Duplantis. The plaintiff opposed

the motion, essentially contending that there was an issue of fact as to the comparative fault of Deputy Duplantis.

After a contradictory hearing held on February 28, 2020, the trial court concluded that the plaintiff was solely at fault for the accident, and therefore, granted the defendants' motion for summary judgment and dismissed the plaintiff's claims against them. A judgment in accordance with the trial court's ruling was signed on March 11, 2020, and it is from this judgment that the plaintiff has appealed.

On appeal, the plaintiff does not dispute that he had some fault in causing the accident. Rather, the plaintiff contends that the trial court erred in finding the plaintiff solely at fault for the accident and in granting the motion for summary judgment because there were genuine issues of material fact as the comparative fault of Deputy Duplantis. Specifically, the plaintiff points out that although Deputy Duplantis looked to his left as he was approaching and braking for the stop sign at West Park Avenue, came to a complete stop at the stop sign and cleared traffic forward and to his right, he did not look to his left again after coming to a stop and before proceeding through the intersection.

## LAW AND DISCUSSION

A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 21 writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). On a motion for summary

4

judgment, the burden of proof is on the party filing the motion. La. C.C.P. art. 966(D)(1).

If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover need only point out to the court, through its supporting documents, the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). See also La. C.C.P. art. 966, Comments--2015, Comment (j). Once the motion for summary judgment has been properly supported by the moving party, i.e., the mover has established the material facts through its supporting documents and the mover has made a *prima facie* showing that the motion should be granted, the burden then shifts to the non-moving party to produce factual support, through the use of supporting documents in opposition to the motion, of the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the non-moving party fails to produce factual support in its opposition sufficient to establish this burden, the motion should be granted. See **Babin v. Winn-Dixie Louisiana, Inc.,** 2000-0078 (La. 6/30/00), 764 So. 2d 37, 40.

Appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Thus, appellate courts ask the same questions: whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. **Georgia-Pacific Consumer Operations, LLC,** 255 So.3d at 22. A "genuine" issue is a triable issue, which means an issue on which reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. **Kasem v. State Farm Fire & Cas. Co.,** 2016-0217 (La. App. 1st Cir. 2/10/17), 212 So. 3d 6, 13.

In this case, the plaintiff's claims against the defendants are based upon Deputy Duplantis' alleged negligence, or that Deputy Duplantis was comparatively at fault in causing the accident. See La. C.C. arts. 2315, 2316, and 2323. The defendants, however, contend that Deputy Duplantis was free from fault and that the plaintiff's negligence or fault was the sole cause of the accident. Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence generally are not appropriate for summary judgment. **Douglas v. Lemon**, 2011-0084 (La. App. 1st Cir. 6/10/11) (*unpublished*), 2011 WL 3447418, *3; **Shelton v. Zurich American Ins. Co.**, 2008-1306 (La. App. 1st Cir. 2/13/09) (*unpublished*), 2009 WL 390417, *2. This principle extends to a question of comparative fault as well; however, where reasonable minds cannot differ, a question of comparative fault is a question of law that may be resolved by summary judgment. **Douglas**, 2011 WL 3447418 at *3; **Shelton**, 2009 WL 390417 at *2.

As previously noted, the underlying material facts of this case are not in dispute. With regard to the accident, the documents offered by the defendants in support of their motion for summary judgment establish: (1) Deputy Duplantis was driving the van northbound on Roussell Street (a one-lane one-way street) toward the intersection and stop sign at West Park Avenue (a two-lane one-way street); (2) as Deputy Duplantis approached the intersection and stop sign at West Park Avenue—at a distance of approximately forty-four feet from the curb line of West Park Avenue—he looked to his left and saw no bicycles or pedestrians; (3) Deputy Duplantis came to a complete stop at the stop sign with the front of the van at the back side of the sidewalk, a distance of five feet five inches from the curb line of West Park Avenue; (4) Deputy Duplantis then cleared traffic to his front and right, let his foot off the brake, and began crossing West Park Avenue; and (5) as the van entered the intersection to cross West Park Avenue, the plaintiff's bicycle collided

with the van at its front left wheel well. It was also established that: (1) the plaintiff was operating a bicycle, which is considered a vehicle, and he was bound to obey all applicable traffic laws (see La. R.S. 32:194 and 197); (2) the plaintiff was operating his bicycle eastbound on the shoulder of West Park Avenue and was travelling in the wrong direction on a one-way street; (3) the plaintiff saw the van driven by Deputy Duplantis on Roussell Street when the van was approximately 100 feet from the intersection at West Avenue; (4) the plaintiff saw the van come to a complete stop at the intersection, saw Deputy Duplantis look to his right to clear traffic, and saw Deputy Duplantis proceed forward into the intersection; (5) the plaintiff was aware of but disregarded the traffic sign stating "DO NOT ENTER"; and (6) the plaintiff believed that he had the right-of-way, but did not.

Although the documents offered by the plaintiff in opposition to the motion for summary judgment establishes that Deputy Duplantis admitted he did not look to his left *again* after coming to a complete stop at the stop sign and clearing traffic to his right, it was established that Deputy Duplantis, was looking to the left as he was braking and approaching the intersection/stop sign as he was braking, which was approximately forty-four feet and while doing so, he saw no pedestrians or bicycles. After coming to a complete stop, he then looked to his right (in the direction of oncoming traffic from West Park Avenue) and looked forward (in the direction of traffic from Suthon Avenue). Seeing no oncoming traffic from any direction, Deputy Duplantis took his foot off the brake and proceeded into the intersection. The plaintiff, while travelling in the wrong direction and despite having observed the van and the actions of its driver, continued through the intersection and collided with the van. Based on our *de novo* review of the record and the undisputed material facts, we find there is no genuine issue of material fact and that reasonable minds could only reach one conclusion—that the conduct of the plaintiff was the cause of the accident and that Deputy Duplantis was not

negligent.  Accordingly, we find the trial court properly granted the defendants' motion for summary judgment.

## CONCLUSION

For all of the above and foregoing reasons, the March 11, 2020 judgment of the trial court is affirmed.  All costs of this appeal are assessed to the plaintiff/appellant, Bobby James.

**AFFIRMED.**