IN THE MATTER OF H.      *      NO. 2024-CA-0010
EDWARD SHERMAN

                   *      COURT OF APPEAL

                   *      FOURTH CIRCUIT

                   *      STATE OF LOUISIANA

           * * * * * * *

**CONSOLIDATED WITH:**          **CONSOLIDATED WITH:**

IN THE MATTER OF H. EDWARD          NO. 2024-CA-0011
SHERMAN

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-12200 C/W 2021-01411, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *
(Court composed of Chief Judge Terri F. Love, Judge Tiffany Gautier Chase,
Judge Nakisha Ervin-Knott)

H. Edward Sherman
H. EDWARD SHERMAN, APLC
6020 Carlisle Court
New Orleans, LA 70131

     COUNSEL FOR PLAINTIFF/APPELLANT

Ann Marie LeBlanc
Kathryn M. Caraway
Erica L. Andrews
CARAWAY LEBLANC, LLC
3936 Bienville Street
New Orleans, LA 70119

     COUNSEL FOR DEFENDANTS/APPELLEES

                       **AFFIRMED**
                       **May 8, 2024**

NEK
TFL
TGC

Appellant/Plaintiff, H. Edward Sherman ("Plaintiff"), appeals the trial court's judgments (1) granting the Motion for Summary Judgment filed by Appellees/Defendants, Dr. Charles Smith and Internal Medicine Specialists (collectively, "Defendants"), and (2) denying his Motion for New Trial. For the following reasons, we affirm the trial court's judgments.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed a medical malpractice complaint on August 26, 2015, alleging that Dr. Smith and his practice were negligent in treating his mental disorder. Specifically, Plaintiff alleged that the Defendants misdiagnosed his condition and overprescribed him Adderall, which ultimately caused him to suffer adverse reactions from the medication. On October 21, 2020, the assigned Medical Review Panel (the "MRP") unanimously issued its opinion in favor of the Defendants, finding that the Defendants did not breach the applicable standard of care. Thereafter, Plaintiff filed a formal petition for damages, making similar allegations to those raised in his medical malpractice complaint.

After over two years of the case pending before the trial court, the Defendants filed a motion for summary judgment seeking a dismissal on the basis

1

that the Plaintiff did not have an expert to prove his claims. Defendants filed their motion on June 5, 2023, and the trial court set a hearing on July 28, 2023. Plaintiff filed an opposition on July 14, 2023, over a day past the deadline mandated by La. C.C.P. art. 966(B)(2). The trial court granted the motion for summary judgment and dismissed Plaintiff's claims against the Defendants with prejudice. Plaintiff subsequently filed a motion for new trial, which the trial court summarily denied. This appeal followed.

## DISCUSSION

On appeal, Plaintiff asserts that the trial court erred in granting the motion for summary judgment and denying the motion for new trial. Plaintiff argues that, for various reasons, the trial court should not have considered the MRP's opinion and, without the opinion, the Defendants failed to meet their burden of proof.

### *Did the trial court err in granting Defendants' motion for summary judgment?*

The appellate court reviews a ruling on a motion for summary judgment under a *de novo* standard, giving no deference to the ruling or reasons of the trial court. *Precept Credit Opportunities Fund, L.P. v. Elmore*, 2021-0502, p. 3 (La. App. 4 Cir. 4/20/22), 338 So. 3d 87, 89-90 (citations omitted). The trial court must grant a motion for summary judgment if, after the parties had an opportunity for adequate discovery, the mover proves that there are no genuine issues of material fact to be resolved. La. C.C.P. art. 966(A)(3). A genuine issue is one on which reasonable persons could disagree, and a material fact is one that determines the outcome of a legal dispute. *Smith v. Our Lady of the Lake Hosp., Inc.*, 1993-2512, p. 27 (La. 7/05/94), 639 So. 2d 730, 751. If the mover meets his burden, then the burden shifts to the non-moving party to bring forth evidence showing that a genuine issue of material fact remains. La. C.C.P. art. 966(D)(1); *Babin v. Winn-*

*Dixie Louisiana, Inc.*, 2000-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39-40. If the non-moving party fails to produce evidence of such, the court is required to grant summary judgment. *E.g. Babin*, 2000-0078, p. 4, 764 So. 2d at 40; *Jones v. Boot Bar & Grill*, 2022-0154, p. 13 (La. App. 4 Cir. 10/05/22), 350 So. 3d 968, 979.

Motions for summary judgment "secure the just, speedy, and inexpensive determination of every action," and, as such, the summary judgment procedure is favored. La. C.C.P. art. 966(A)(2). Article 966 provides strict rules that parties must adhere to in order to secure or defend against a summary judgment motion. One such rule is the filing deadlines. A motion for summary judgment and all documents in support must be filed and served no later than sixty-five days prior to trial. La. C.C.P. art. 966(B)(1). Once a hearing has been set, the non-moving party must file and serve his opposition no later than fifteen days prior to the hearing on the motion. *Id*. at (B)(2). These time limits are mandatory and leave no discretion to the trial court to consider an untimely motion or opposition. *Auricchio v. Harriston*, 2020-01167, p. 4 (La. 10/10/21), 332 So. 3d 660, 663; *Mahe v. LCMC Health Holdings, LLC*, 2023-00025, p. 1 (La. 3/14/23), 357 So. 3d 322.[1]

On a motion for summary judgment, the court can only consider the documents filed in support or opposition to the motion. La. C.C.P. art. 966(D)(2). Any objection to a document filed in support of a summary judgment motion must be raised in a **timely** filed opposition. *Id*; *Jones*, 2022-0154, p. 15, 350 So. 3d at 980 (emphasis added). Therefore, if the non-moving party fails to raise an objection in his opposition, the court must consider the documents attached to the

---

[1] "Summary judgments are intended 'to secure the just, speedy, and inexpensive determination of every action.' Limiting judicial discretion by setting a firm deadline for filing an opposition furthers this end." *Auricchio*, 2020-01167, p. 4, 332 So. 3d at 663 (quoting La. C.C.P. art. 966(A)(2)).

motion. *In re Med. Review Complaint by Downing*, 2021-0698, p. 25 (La. App. 4 Cir. 5/26/22), 341 So. 3d 863, 879.

Defendants filed their motion for summary judgment after this case had been pending for over two years. Defendants argued that the Plaintiff could not meet his burden at trial because he had failed to retain a qualified expert to support his medical malpractice claims.[2] To support their motion, Defendants attached (1) the MRP's opinion, wherein the MRP unanimously found that the Defendants did not breach the applicable standard of care, and (2) Plaintiff's April 2023 answers to discovery, wherein he admits that he had not retained an expert to support his case.

The trial court set the hearing on the motion for July 28, 2023. Per the mandates of Article 966, Plaintiff's opposition, along with any attachments and objections, had to be filed on July 13, 2023. However, Plaintiff did not file his opposition until 4:13 PM on July 14, 2023. While the trial judge did allow the Plaintiff to speak at the hearing, she correctly noted multiple times that she could not consider his untimely opposition. Because the Plaintiff had failed to oppose the motion and bring forth evidence showing that a genuine issue of material fact existed, the trial court had to grant summary judgment. *E.g. Babin*, 2000-0078, p. 4, 764 So. 2d at 40; *Jones*, 2022-0154, p. 13, 350 So. 3d at 979. Therefore, we do not find that the trial court erred in its judgment, and Plaintiff's arguments otherwise have no merit.

---

[2] Expert testimony is generally required in a medical malpractice case to establish the applicable standard of care and whether that standard of care was breached. *In re Boryca*, 2020-0670, p. 4 (La. App. 4 Cir. 8/11/21), 366 So. 3d 110, 115 (citations omitted).

***Did the trial court err in denying the motion for new trial?***

A motion for new trial shall be granted if the judgment is clearly contrary to the law and evidence or if, after the judgment was rendered, a party has discovered important evidence that he could not have obtained through due diligence prior to the hearing of the matter. La. C.C.P. art. 1972. The motion may also be granted if the mover shows good cause for such. La. C.C.P. art. 1973. However, "[a] motion for new trial may be summarily denied in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome [of the trial] . . . ." *Bonnette v. Bonnette*, 2015-0239, p. 23 (La. App. 4 Cir. 2/17/16), 185 So. 3d 321, 335 (quoting *Schmidt v. Schmidt*, 2008-0263, p. 21 (La. App. 4 Cir. 2/11/09), 6 So. 3d 197, 210). A trial court may also summarily deny the motion "if the motion simply reiterates issues thoroughly considered at trial." *Autin v. Voronkova*, 2015-0407, p. 5 (La. App. 4 Cir. 10/21/15), 177 So. 3d 1067, 1070 (citations omitted).

Appellate courts review a trial court's ruling on a motion for new trial under an abuse of discretion standard. *Jouve v. State Farm Fire and Cas. Co.*, 2010-1522, p. 15 (La. App. 4 Cir. 8/17/11), 74 So. 3d 220, 229 (citation omitted). This standard is highly deferential to the ruling of the trial court and applies regardless of the grounds on which the mover seeks a new trial. *LCR-M Ltd. P'ship v. Jim Hotard Properties, L.L.C.*, 2013-0483, p. 9 (La. App. 4 Cir. 10/09/13), 126 So. 3d 668, 675; *Autin*, 2015-0407, p. 4, 177 So. 3d at 1070.

After the trial court granted Defendants' motion for summary judgment, Plaintiff filed a motion for new trial under La. C.C.P. art. 1972(1), arguing that the trial court's judgment was contrary to the law and evidence presented. Plaintiff specifically argued that the MRP's opinion was inadmissible evidence that should

not have been considered by the trial court. The trial court summarily denied Plaintiff's motion and issued written reasons. Relying on La. C.C.P. art. 966(D)(2), the trial court noted that Plaintiff had failed to timely file an opposition in response to Defendants' motion and that it was required to consider the MRP opinion as Plaintiff had not objected to its admissibility.

We do not find that the trial court abused its discretion in denying Plaintiff's motion for new trial. At the time the trial court considered the motion for summary judgment, La. C.C.P. art. 966(D)(2) provided that the trial court may only consider the documents filed in support or opposition to the motion and that it was required to consider any document to which an objection had not been made.[3] Any objection to a document had to be raised in a **timely** filed opposition. *Id*. Not only did Plaintiff fail to file a timely opposition, he also failed to object to the introduction of the MRP opinion in his untimely opposition. In light of this, the trial court correctly considered the MRP opinion. Therefore, Plaintiff's arguments and assignments of error regarding the admissibility of the MRP opinion have no merit.

Notwithstanding the above, the trial court's judgment was not clearly contrary to the law and evidence given Plaintiff's failure to timely oppose the motion. Generally, a plaintiff must prove medical malpractice through expert testimony. *In re Boryca*, 2020-0670, p. 4, 366 So. 3d at 115; *Pfiffner v. Correa*, 1994-0924, 1994-0963, 1994-0992, p. 9 (La. 10/17/94), 643 So. 2d 1228, 1233-34 (finding that expert testimony is not needed in cases of obvious negligence). The

_____

[3] The new legislative amendments to La. C.C.P. art. 966 went into effect on August 1, 2023, in between the time the trial court considered Defendants' motion for summary judgment and Plaintiff's motion for new trial. These changes reinforce the requirement that an objection must be raised in a timely filed opposition.

opinion of the MRP may be offered as expert evidence for the purpose of supporting or defending against a medical malpractice suit. *See* La. R.S. 40:1231.8(H); *Williams v. Memorial Medical Center*, 2003-1806, p. 15 (La. App. 4 Cir. 3/17/04), 870 So. 2d 1044, 1053 (citation omitted). The need for an expert opinion becomes increasingly important when a defendant files a motion for summary judgment and supports that motion with expert opinion evidence finding that the standard of care was not breached. *Jordan v. Community Care Hosp.*, 2019-0039, p. 13 (La. App. 4 Cir. 7/24/19), 276 So. 3d 564, 577 (citations omitted).

Here, Defendants presented the MRP's unanimous opinion that the Defendants did not breach the applicable standard of care. Defendants also offered Plaintiff's April 2023 responses to discovery wherein he admitted that he had not retained an expert to support his case. Thus, the burden shifted to Plaintiff to come forth with evidence showing otherwise, which Plaintiff failed to do. Therefore, the trial court properly granted Defendants' motion for summary judgment and did not err in denying Plaintiff's motion for new trial.

## DECREE

For the foregoing reasons, we affirm the trial court's judgments granting Defendants' Motion for Summary Judgment and denying Plaintiff's Motion for New Trial.

**AFFIRMED**

7