# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 18-375


JUNE COOLEY AND DWAYNE COOLEY

VERSUS

DR. ERNESTO KUFOY, ET AL.


**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2013-0872, DIVISION "A"
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Marc T. Amy, Judges.

**AFFIRMED.**


**Randall Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**Telephone:  (337) 234-8800**
**COUNSEL FOR:**
    **Plaintiffs/Appellants – June Cooley and Dwayne Cooley**

**Kathryn Montez Caraway**
**Caraway LeBlanc, L.L.C.**
**3936 Bienville Street**
**New Orleans, LA 70119**
**Telephone:  (504) 566-1912**
**COUNSEL FOR:**
    **Defendant/Appellee - Dr. Ernesto Kufoy**

**THIBODEAUX, Chief Judge.**

Plaintiffs, June and Dwayne Cooley, filed suit against Dr. Ernesto Kufoy for his alleged malpractice in treating Ms. Cooley with excessive psychotropic pharmaceutical intervention. Dr. Kufoy filed a motion for summary judgment on the ground that Plaintiffs had no expert to carry their burden of proof. After twice continuing the hearing, the trial court ultimately granted Dr. Kufoy's motion, specifically noting that Plaintiffs presented no evidence in opposition.

Reviewing the record, we find Dr. Kufoy is entitled to judgment as a matter of law because, in the absence of expert evidence in support of their claims, Plaintiffs have not proven that they could meet their burden of proof at trial. Accordingly, we affirm the trial court judgment.

## I.

## ISSUES

Plaintiffs raise the following issues for review:

(1)     did the district judge err in granting Dr. Ernesto Kufoy's motion for summary judgment thereby dismissing Plaintiffs' claims as to medical negligence in this matter, considering Plaintiffs did not have an opportunity to complete adequate discovery?

(2)     did the district judge err in granting Dr. Ernesto Kufoy's motion for summary judgment thereby dismissing Plaintiffs' claims as to medical negligence in this matter considering that Dr. Kufoy offered no supportive evidence from any internal medicine specialist or overlapping practitioner in support of his dispositive motion?

## FACTS AND PROCEDURAL HISTORY

This medical malpractice action arises out of complications involving abdominal surgery Ms. Cooley underwent in December 2011. At that time, Ms. Cooley complained about generalized abdominal pain to her internal medicine specialist, Dr. Ernesto Kufoy. After performing an examination and an abdominal ultrasound, Dr. Kufoy diagnosed Ms. Cooley with gallstones and referred Ms. Cooley to Dr. David Brown, a board certified general surgeon, who removed her gallbladder at Beauregard Memorial Hospital, on December 22, 2011. Following the procedure, Ms. Cooley complained of excessive abdominal pain and began experiencing levels of disorientation, with alarming bowel and bladder output.

Though Ms. Cooley was discharged on December 23, 2011, she was readmitted to the hospital on December 26, 2011. An exploratory laparotomy, performed on December 27, 2011, revealed Ms. Cooley had suffered a bowel perforation during her previous gallbladder procedure, for which Ms. Cooley was required to undergo a colostomy, performed by Dr. Brown. Following this procedure, Ms. Cooley became catatonic and unresponsive and remained hospitalized for a period substantially longer than required for the colostomy.

In their petition, Plaintiffs allege that Ms. Cooley's abnormal response was due to the cessation of anti-depressant medications prescribed and administered by Dr. Kufoy. They further allege that the medications and the amounts of said medications prescribed by Dr. Kufoy exceeded all known *Physicians' Desk Reference* suitable levels for administration by an internal medicine physician.

According to Plaintiffs, Ms. Cooley was restored to a normal state once she became acclimated to the withdrawal. In contrast, Plaintiffs claim that, in the months prior to the surgeries, Ms. Cooley had allegedly exhibited signs and symptoms of intolerance to the excessive medications that affected her home life, work life, and daily activities.

Plaintiffs filed their medical malpractice complaint with the Patient's Compensation Fund against Dr. Kufoy and Dr. Brown. As to Dr. Kufoy, Plaintiffs alleged "the care received [from] Dr. Ernesto Kufoy was substandard in that the excessive pharmaceutical intervention resulted in the patient having a far more complicated post-operative course than that which would be normally expected under the same or similar circumstances." Plaintiffs further alleged that Ms. Cooley's comatose state was "due to the extensive pharmaceuticals prescribed by Dr. Kufoy and taken by Ms. Cooley which were either known or should have been known by Dr. Brown."

The medical review panel (MRP) initially met and thereafter requested additional information from a psychiatrist. This information was provided by the affidavit of psychiatrist, Dr. James Blackburn. On March 3, 2015, the MRP rendered its opinion, unanimously finding no malpractice as to Dr. Kufoy. In its reasons, the MRP opined:

> It is the opinion of the Medical Review Panel that the evidence submitted does not support the conclusion that the defendant, Dr. Kufoy, failed to meet the applicable standard of care which is required of health care providers, their staff, and/or employees of the same specialty for the following reasons:
>
> There was no breach of the standard of care for a physician such as Dr. Kufoy in the prescribing of psychotropic medications for the management of treatment resistive depression in June Cooley because the

3

combination of medications she was on resulted in adequate management of her depression. It is appropriate for an Internist to prescribe psychotropic medications and well within their field of practice. The patient responded appropriately to the medications pre-operatively and once they were able to restart the medications post-operatively she responded appropriately. The evidence submitted shows the choice of medications and dosages were appropriate and within the standard of care.

Thereafter, Plaintiffs filed the present suit against Dr. Kufoy and Dr. Brown[1] on June 22, 2015. On June 23, 2016, Dr. Kufoy filed a motion for partial summary judgment on the ground that Plaintiffs had no expert to carry their burden of proof under La.R.S. 9:2794. Although the hearing on the motion was set for August 10, 2016, there is no indication in the record that this motion was ever heard.

On July 18, 2017, Dr. Kufoy filed a second motion for summary judgment on the ground that Plaintiffs had no expert to testify against Dr. Kufoy. He attached as an exhibit to the motion the affidavit of Dr. Daniel J. Carroll, a member of the MRP, attesting to the MRP opinion. The hearing on the motion was set for August 10, 2017.

Three days before the hearing, Plaintiffs' counsel filed an "Exception of Motions for Summary Judgment and Motion to Continue" arguing that he had temporarily not represented his clients from September 9, 2016 until April 20, 2017. According to the motion, Plaintiffs' counsel began trying to schedule the depositions of Dr. James Quillen, Dr. Blackburn, and Dr. Keith Colomb, another member of the MRP, in April 2017, but had difficulty doing so based on lack of

---

[1]Plaintiffs' claims against Dr. Brown were dismissed on December 14, 2017, when the trial court, in its written judgment, granted Dr. Brown's unopposed motion for summary judgment.

response from Dr. Kufoy's prior counsel to any "requests for available deposition dates."

In this exception, Plaintiffs' counsel indicated that two members of the MRP testified in deposition that they were unaware of the standard of care applicable to Dr. Kufoy but would defer to Dr. Blackburn who was hired by the defense. Plaintiffs, however, did not attach any supporting deposition testimony to their exception. Moreover, Dr. Blackburn provided his affidavit to the MRP in direct response to the MRP's request for additional information.

The trial court continued the hearing to October 5, 2017. Upon Plaintiffs' unopposed motion, the trial court again continued the hearing to December 4, 2017.

Plaintiffs filed no opposition to Dr. Kufoy's motion, nor did they file a motion to continue prior to the hearing on Monday, December 4, 2017. However, during the hearing, Plaintiffs' counsel explained that he did not file an opposition to Dr. Kufoy's motion because he had just received Dr. Blackburn's deposition on Thursday, even though the deposition was taken more than two weeks earlier, on November 17, 2017. Moreover, he stated that Dr. Blackburn testified in his deposition that he disagreed with Dr. Thomas Dobbins who allegedly said, "the care was substandard."[2]

Ruling from the bench, the trial court stated:

> Based on the information I have before me, we did allow [Plaintiffs' counsel] a period of time to move forward with taking these depositions based on his exception of the motions for summary judgment and

---

[2] Dr. Brown explained in his memorandum in support of his motion for summary judgment that he "contacted Dr. David [sic] Dobbins for a consultation and medical management of the patient." Other than this statement, there is little information in the record about Dr. Dobbins.

motion to continue filed August 7, 2017. There were issues between [him] and his clients, but he stated that it was not until April 20, 2017 that plaintiffs advise[d] that they wish[ed] for [him] to continue in [his] representation of them. So, [Plaintiffs' counsel] has had from April 20, 2017 until today[']s date to follow through with this information. He did do that in November and did not file appropriate information timely. Nor do I find that the information provided today meets the requirements of motion for summary judgment. And based on all of these lack of procedural technicalities, as well as the fact that there is no evidence presented in opposition to Dr. Kufoy's motion for summary judgment[,] [t]he Court will grant the motion for summary judgment [in favor of] Dr. Kufoy.

Plaintiffs' counsel then proffered Dr. Blackburn's testimony, but not the testimony of Dr. Dobbins, whose deposition had been submitted on Plaintiffs' behalf to the MRP. By written judgment dated January 22, 2018, the trial court granted Dr. Kufoy's motion for summary judgment, thereby dismissing, with prejudice, Plaintiffs' claims against him.

III.

**STANDARD OF REVIEW**

An appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. Therefore, just like the trial court, we are tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Initially, the burden of producing evidence at the motion hearing is on the mover. *Schultz v. Guoth*, 10-343 (La. 1/19/11), 57 So.3d 1002.

6

Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.

La.Code Civ.P. art. 966(D)(1). If we determine that the moving party has met this burden, the burden then shifts to "the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*. "At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial." *Babin v. Winn-Dixie La., Inc.*, 00-78, p. 4 (La. 6/30/00), 764 So.2d 37, 39. However, "[o]nce the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion." *Id*. at 40.

IV.

**LAW AND DISCUSSION**

The motion for summary judgment at issue herein arises in the context of a suit for medical malpractice. To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence:

(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians . . . licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular

7

medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians . . . within the involved medical specialty.

> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.

> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.

La.R.S. 9:2794(A).

Jurisprudence has long held that expert testimony is generally required to establish the applicable standard of care, its breach, and causation. *Samaha*, 977 So.2d 880. The only recognized exception is where the negligence is so obvious that a layperson can infer negligence without the guidance of expert testimony:

> We hold that expert testimony is not always necessary in order for a plaintiff to meet his burden of proof in establishing a medical malpractice claim. Though in most cases, because of the complex medical and factual issues involved, a plaintiff will likely fail to sustain his burden of proving his claim under LSA-R.S. 9:2794's requirements without medical experts, there are instances in which the medical and factual issues are such that a lay jury can perceive negligence in the charged physician's conduct as well as any expert can, or in which the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician which demonstrates a breach thereof. Even so, the plaintiff must also demonstrate by a preponderance of the evidence a causal nexus between the defendant's fault and the injury alleged.

*Pfiffner v. Correa*, 94-924, 94-963, 94-992, pp. 9-10 (La. 10/17/94), 643 So.2d 1228, 1234.

At the outset, we note that this case is not one of obvious negligence, which would not require expert testimony to prove the elements of Plaintiffs' malpractice claim. Whether Dr. Kufoy breached the applicable standard of care and whether that breach caused Ms. Cooley's injury will turn on complex medical issues involving internal medicine, psychiatric, and pharmaceutical protocols which, by their very nature, are not within the purview of the average layperson. The medical terms, medications, and dosage notations alone are not within the lexicon of an average lay jury, which could very well require expert translations at trial. Given these circumstances, Plaintiffs will not be able to carry their burden of proof at trial without a medical expert. It logically follows, therefore, that without expert medical testimony as to the applicable standard of care as well as causation, Plaintiffs could not withstand Dr. Kufoy's motion for summary judgment.

As the record before us shows, Plaintiffs did not produce any expert medical testimony in support of their position as to standard of care, breach, or causation. In fact, Plaintiffs did not oppose or even timely submit supporting documentation in response to Dr. Kufoy's summary judgment motion. All we have before us is an affidavit of an MRP member and the MRP opinion, which opines that Dr. Kufoy did not breach the standard of care. Although Plaintiffs did proffer Dr. Blackburn's deposition, nothing in that deposition lends support for their claims.

Because Dr. Kufoy will not bear the burden of proof at trial, La.Code Civ.P. art. 966(D)(1) merely required him "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." By demonstrating Plaintiffs' lack of expert testimony to establish the essential elements of their malpractice claim, Dr. Kufoy satisfied his

statutory burden of proof on summary judgment. At that point, Plaintiffs were required to put forth evidence demonstrating that they could be able to meet their burden at trial. Plaintiffs, however, did not present any evidence in support of their claims.

Although Plaintiffs place their failure to produce sufficient evidence on their inability to conduct adequate discovery, we note that the motion was not heard until five years after the initial complaint was filed and after the trial court twice continued the hearing to allow for such discovery. Accordingly, we find no merit to their argument that the motion was prematurely granted.

Having reviewed the record, we find that Dr. Kufoy is entitled to summary judgment as a matter of law because Plaintiffs have not demonstrated that there exists a material factual dispute as to the essential elements of their malpractice claim, i.e., standard of care, breach, and causation. Therefore, we affirm the judgment of the trial court.

V.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

Costs of this appeal are assessed to the Plaintiffs/Appellants, June Cooley and Dwayne Cooley.

**AFFIRMED.**