STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0138

SHONTELL HIMES AND REGGIE HIMES

VERSUS

THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF
TRANSPORTATION AND OFFICE OF ENGINEERING AND XYZ
INSURANCE COMPANY

**Judgment Rendered: JUN 0 4 2021**

* * * * * *

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C657108

Honorable William A. Morvant, Judge Presiding

* * * * * *

| | |
|---|---|
| Tiffany Myles Crosby<br>Plaquemine, LA | Counsel for Plaintiffs/Appellants<br>Shontell Himes and Reggie Himes |
| Barbara Pilat<br>Baton Rouge, LA<br>Jeannie C. Prudhomme<br>Lafayette, LA | Counsel for Defendant/Appellee<br>The State of Louisiana<br>Transportation and Development<br>Engineering Office |

* * * * * *

BEFORE:  GUIDRY, HOLDRIDGE, AND LANIER, JJ.

**GUIDRY, J.**

The plaintiffs appeal the grant of a summary judgment that dismissed their suit for damages. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case arises out of an incident that occurred on Interstate I-110 in Baton Rouge. On January 3, 2017, plaintiff Shontell Himes claims that she was traveling northbound towards Zachary when without warning a cement block fell from an overpass located near I-110 and Capital Access. The cement block fell through Ms. Himes' windshield, causing damage.

On or about April 13, 2017, Ms. Himes and her husband, Reggie Himes, filed suit against the State of Louisiana through the Department of Transportation and Development, Office of Engineering (DOTD). The Himeses (the plaintiffs) claimed negligence on the part of DOTD for failure to maintain its premises in a safe manner.[1]

DOTD filed an answer denying liability and subsequently, on December 3, 2019, filed a motion for summary judgment. A hearing on the motion was held on November 2, 2020. Following the hearing, the trial court granted the motion and rendered judgment dismissing the plaintiffs' claim with prejudice. Judgment was signed on November 16, 2020. The plaintiffs then filed the present appeal, raising the following as error:

> The District Court committed error sufficient to reverse its ruling when it granted Defendant's Motion for Summary Judgment. Additionally, the District Court erred in excluding the plaintiffs' photograph of the situs of the accident that [was] previously submitted as responses to interrogatories, considering the affidavit of the State's expert and the opinions therein, and concluding that no genuine issues of material fact existed.

---

[1] The plaintiffs' petition was amended on or about August 10, 2017.

## DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, pp. 26-27 (La. 7/5/94), 639 So. 2d 730, 750-751.

The Code of Civil Procedure places the burden of proof on the party filing a motion for summary judgment. La. C.C.P. art. 966(D)(1). The mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. La. C.C.P. art. 966(A)(4). The mover's supporting documents must prove the essential facts necessary to carry the mover's burden.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if he will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1); Jenkins v. Hernandez, 19-0874, p. 4 (La. App. 1st Cir. 6/3/20), 305 So. 3d 365, 371; Babin v. Winn-Dixie Louisiana, Inc., 00-0078, p. 4 (La. 6/30/00), 764 So. 2d 37, 39. The moving party must only point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1); Celotex Corp. v. Catrett, 477 U.S. 317, 332, 106 S. Ct. 2548, 2557, 91 L. Ed. 2d 265 (1986); Mercadel v. State Through Department of Public Safety and Corrections, 18-0415 (La. App. 1st Cir. 5/15/19), 2019 WL 2234404 *5-6. The burden then shifts to the non-moving

3

party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1); see also La. C.C.P. art. 966, comments-2015, comment (j). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. Jenkins, 19-0874 at p. 5, 305 So. 3d at 371; Babin, 00-0078 at p. 4, 764 So. 2d at 40. In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Succession of Hickman v. State through Board of Supervisors of Louisiana State University Agricultural and Mechanical College, 16-1069, p. 5 (La. App. 1st Cir. 4/12/17), 217 So. 3d 1240, 1244.

As it concerns a public entity's liability, a defective thing within its custody or care is ordinarily analyzed under La. R.S. 9:2800. Broussard v. State ex rel. Office of State Buildings, 12-1238, p. 6 (La. 4/5/13), 113 So. 3d 175, 181. Under La. R.S. 9:2800, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) the public entity had custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. Chambers v. Village of Moreauville, 11-0898, p. 4 (La. 1/24/12), 85 So. 3d 593, 597. Failure to meet any one of these statutory requirements will defeat a claim against the public entity. Lynch v. City of Mandeville, 14-1834 (La. App. 1st Cir. 6/5/15), 2015 WL 3546068 *3.

In this matter, we first address the plaintiffs' arguments that the trial court erred in excluding their photographs and considering the affidavit of Greg Coco, the

4

Bridge Maintenance Engineer for DOTD. We note that the only documents that may be filed in support of or in opposition to the motion for summary judgment are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4). Article 966(A)(4)contains "the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment" and it "intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs ... unless they are properly authenticated by an affidavit or deposition to which they are attached." La. C.C.P. art. 966, comments-2015, comment (c). Further, in ruling on a motion for summary judgment, the court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. La. C.C.P. art. 966(D)(2).

The plaintiffs herein assert that the trial court erred in excluding their photographs because they were previously submitted as responses to interrogatories.[2] However, in opposing the motion for summary judgment, the plaintiffs simply attached photographs to their memorandum—with nothing to authenticate them. The plaintiffs' photographs, as submitted, clearly do not fall into any of the categories as specified by Article 966. Accordingly, the photographs have no evidentiary value on the motion for summary judgment, and we find no abuse of discretion by the trial court in not considering them.

As for the affidavit of Mr. Coco, which was filed by DOTD, a review of the record in this case reveals that the plaintiffs, within their memorandum in opposition

---

[2] In its reply memorandum, DOTD objected to the plaintiffs' photographs.

to the motion,[3] made two general "objections" to the affidavit. First, the plaintiffs stated that the affidavit of Mr. Coco "should be disregarded as support to Defendant's motion because he has absolutely no personal knowledge regarding the situs of the incident at the time of the accident." Second, the plaintiffs asserted that the statement of Mr. Coco—concrete does not have a tendency to break off in large chunks—should not be considered.

Louisiana Code of Civil Procedure article 967(A) provides that supporting and opposing affidavits shall be made on personal knowledge of the affiant, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. In addition, Article 966(D)(2) expressly provides that the court must "consider all objections prior to rendering judgment" and "specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider."

Here, despite the plaintiffs' written objections to the affidavit, the record before us does not reflect that the trial court expressly ruled on their objections during the hearing on the summary judgment motion.[4] Nevertheless, for the reasons below, we find that any error is of no moment under the facts of this case.[5] The

---

[3] The plaintiffs filed a memorandum in support of their own motion for summary judgment on the issue of liability and in opposition to DOTD's motion.

[4] Neither does the issued judgment address the matter.

[5] The abuse of discretion standard applies to the trial court's ruling on an objection to a document filed in support of or in opposition to a motion for summary judgment that is raised by a party in a timely filed opposition or reply memorandum in accordance with La. C.C.P. art. 966(D)(2). Pottinger v. Price, 19-0183, p. 5 (La. App. 1st Cir. 10/23/19), 289 So. 3d 1047, 1053.

record herein contains the affidavit of Mr. Coco, and it is clear from the record that the affidavit was considered by the trial court in rendering its decision. Mr. Coco is an engineer, however, he was not qualified as an expert. A review of Mr. Coco's affidavit reveals that the assertions therein were based upon his occupation and position of employment with DOTD, his inspection of DOTD records, and his inspection of the subject overpass. We find that the affidavit, as a whole, meets the personal knowledge requirements of La. C.C.P. art. 967(A). We further find that, even if the portion of the affidavit that states that "concrete does not have a tendency to break off in large chunks" is not admissible and is not considered, the remaining portions of the affidavit, in conjunction with DOTD's remaining evidence, were sufficient to prove the essential facts of the defendant's motion and to shift the burden to the non-moving party, the plaintiffs, under La. C.C.P. art. 966.

Having addressed the documentary evidence, we now turn to the merits of DOTD's motion for summary judgment. In the matter before us, DOTD argues that the plaintiffs will be unable to carry their burden of proof at a trial because they have no evidence that a defect created an unreasonable risk of harm or that DOTD had notice of an alleged defect. DOTD supported its motion by introducing excerpts from the deposition testimony of Ms. Himes, excerpts from the deposition testimony of Mr. Himes, and the affidavit of Mr. Coco.

Ms. Himes' deposition testimony reads, in part:

A: I was by like the curves, in the curves coming around where the overpass are right before the Dr. Plantz sign. I do remember that because that's where my car was in front of that sign, right in front of that sign.

Q: Okay. So it's your testimony that – and do you – the rock fell from where? Do you remember where?

A: Above.

Q: Okay. So did it fall from a bridge, an overpass?

A: Yes.

7

Q: Okay. And so it's your testimony that it fell from the bridge right before the Dr. Plantz sign?

A: Yes.

Mr. Himes stated in his deposition that Ms. Himes told him that the accident occurred at the last overpass right before the last curve, "which has this big billboard of this doctor or something."

Mr. Coco testified by affidavit that he inspected the subject overpass and identified no area on the structure from which a sizeable piece of material could have detached. Mr. Coco stated that DOTD regularly patrolled and maintained the subject location and that there were no complaints of any defect or issue regarding the subject overpass. Mr. Coco also stated that there is no defect in the subject overpass that would have required DOTD's attention. Photographs of the subject overpass were attached to Mr. Coco's affidavit. A photograph, provided by the plaintiffs, of the cement block which fell through Ms. Himes' windshield was also attached to the affidavit.

In opposition to DOTD's summary judgment, the plaintiffs argued that DOTD was liable for allowing a dangerous condition to exist. The plaintiffs supported their opposition with photographs and DOTD's responses to interrogatories and request for production of documents.[6]

DOTD's responses to the plaintiffs' interrogatories show that DOTD was unaware of any inspection done on the bridge between the dates of January 3, 2016 and January 3, 2017; that DOTD did not have any photos in its possession of the bridge or overpass taken between January 3, 2016 and January 3, 2017; and that DOTD was not in possession of any bridge inspection logs from January 3, 2016 and January 3, 2017.

---

[6] The plaintiffs' photographs will not be considered by this court on *de novo* review.

After a *de novo* review of the evidence submitted for the purpose of the motion for summary judgment, we first find that DOTD, as the moving party, met its initial burden of pointing out an absence of factual support for one or more of the essential elements of the plaintiffs' claim—that DOTD was the custodian of a defective thing that created an unreasonable risk of harm or that DOTD had notice of any defective condition. The plaintiffs then failed to come forward with evidence establishing that there is a genuine issue of material fact that DOTD was the custodian of a defective thing. See La. C.C.P. art. 966(D).

To impose liability for an unreasonably dangerous defect, a plaintiff first has the burden to show that the thing was in the custodian's custody or control. In this respect, we find that the plaintiffs have put forth no evidence to show that the cement block came apart from the structure of the subject DOTD overpass. Even assuming, for the sake of argument, that DOTD initially inspected the wrong overpass, the plaintiffs have not since identified any other bridge or overpass from which the cement block fell. In addition, we find that the plaintiffs have presented nothing to show that DOTD had notice of any defective condition. Simply put, in this case, the evidence presented by the plaintiffs cannot defeat summary judgment. The evidence presented by the plaintiffs fails to establish any issue of fact on the factors in La. R.S. 9:2800. We therefore find no merit in the contention that the trial court erred in granting DOTD's motion.

## CONCLUSION

For the above and foregoing reasons, we affirm the November 16, 2020 judgment of the trial court, granting the State of Louisiana through the Department of Transportation and Development's motion for summary judgment and dismissing the claims of Shontell Himes and Reggie Himes. All costs of this appeal are assessed to the plaintiffs, Shontell Himes and Reggie Himes.

**AFFIRMED.**

9