# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**23-486**


**MARK SMITH**

**VERSUS**

**CARDIOVASCULAR INSTITUTE OF THE SOUTH**
**(A PROFESSIONAL MEDICAL CORPORATION)**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 21C1568B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.


**AFFIRMED.**

**R. Scott Iles**
**Attorney at Law**
**P. O. Box 3385**
**1200 West University**
**Lafayette, LA 70506**
**(337) 234-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Mark Smith**

**Deborah Deo Gracias Trahan**
**Schroeder & Trahan**
**One Galleria Blvd., Suite 700**
**Metairie, LA 70001**
**(800) 452-2120**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Cardiovascular Institute of the South, APMC**

**ORTEGO, Judge.**

This civil matter involves a motion for summary judgment filed by a Defendant in a medical malpractice action. Defendant's motion included an expert affidavit contesting liability. Pursuant to Plaintiff's failure to file an opposition or submit an affidavit challenging the opinion of Defendant's expert, the trial court granted Defendant's motion. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff/Appellant, Mark Smith ("Plaintiff"), brings this medical malpractice action against Defendant/Appellee, Cardiovascular Institute of the South, APMC ("Defendant") under the provisions of La.R.S. 40:1231.1, et seq. The record reflects that Plaintiff suffered a stroke in March of 2017. Plaintiff alleges Defendant's failure to timely recognize an occlusion of the carotid artery through an ultrasound performed on December 14, 2016, and/or CT angiogram on December 19, 2016, caused the stroke. Plaintiff contends that had the ultrasound and CT angiogram results been reported and addressed, the blockage could have been properly and timely treated. Plaintiff also alleges that the failure to appropriately read, communicate, and act on the results of the December 14, 2016 testing was a substantial cause of injuries he sustained.

Plaintiff initially filed a request for a medical review panel, but the parties subsequently agreed to waive the medical review panel proceedings, and the medical review panel expired in accordance with La.R.S. 40:1231.8(B)(3). Thereafter, this suit was filed on May 3, 2021.

In response to Plaintiff's petition for damages, Defendant filed an answer to the petition denying all of Plaintiff's allegations and requested a jury trial. Plaintiff subsequently filed a motion and order to fix for trial. The trial court issued a scheduling order setting the case for jury trial with a first and second fixing.

Pursuant to the scheduling order, as a first fixing, jury selection was set for August 1-2, 2023, and trial was set for August 22-23, 2023. As a second fixing, jury selection was set for May 2-3, 2023, and trial was set for May 16-17, 2023.

On February 17, 2023, Defendant filed a motion for summary judgment contesting liability and seeking a dismissal of all of Plaintiff's claims. Defendant asserted that Plaintiff had not identified an expert witness to offer an opinion in support of his claims and likewise could not meet his burden of proof in this medical malpractice action. In support of their motion, Defendant submitted the affidavit of expert witness, Dr. James Stephen Jenkins, a board-certified physician in Interventional Cardiology, Cardiovascular Disease, and Endovascular medicine, who concluded that Defendant did not breach the applicable standard of care in the treatment of Plaintiff. Specifically, Dr. Jenkins agreed with Defendant's interpretation of the imaging findings in that the blood flow did not meet the criteria for revascularization and was not an obstructive lesion.

In his affidavit, Dr. Jenkins further opined that Plaintiff was asymptomatic in December of 2016; therefore, no surgical or percutaneous intervention was required. Dr. Jenkins concluded that Defendant met the standard of care by continuing observation and medical management until the Plaintiff experienced symptoms in March of 2017.

Meanwhile, Defendant received Plaintiff's witness and exhibit list on February 17, 2023, identifying Plaintiff's purported expert witness, Dr. Cesar Delaguila, a cardiologist "expected to testify regarding review of all medical records and/or films in this matter." Defendant forwarded its outstanding discovery to Plaintiff on February 20, 2023, within the discovery deadline of February 24, 2023, for the second fixing pursuant to the trial court's scheduling order.

Plaintiff then filed an untimely opposition memorandum to Defendant's motion for summary judgment on March 17, 2023. However, Plaintiff's opposition memorandum did not include an opinion nor affidavit from a cardiologist or any other medical provider establishing the applicable standard of care, opining that a breach of the cardiology standard of care occurred, or that the breach of the standard of care caused injury or damages to the Plaintiff.

On Plaintiff's request, the trial court continued the hearing on Defendant's motion for summary judgment to May 15, 2023, specifically to allow Plaintiff's identified expert witness, Dr. Delaguila, an opportunity to review medical imaging and an opportunity to submit an expert report in opposition to Defendant's motion for summary judgment. The trial court also continued the May 16, 2023 trial setting to September of 2023.

Defendant's motion for summary judgment came before the trial court again on May 15, 2023. No opposition to the motion for summary judgment was submitted by the Plaintiff prior to this hearing date. At the hearing, the trial court noted that the motion for summary judgment had been continued by agreement from April 3, 2023 to May 15, 2023 to allow Plaintiff's expert additional time to review imaging to enable Plaintiff to obtain a sworn expert opinion to contradict the opinions of Defendant's expert witness. Specifically, the trial court noted as follows (emphasis added):

> THE COURT: Here's the problem. When we were here last, you did identify an expert.
>
> MR. ILES: Yes, Your Honor.
>
> THE COURT: You indicated that that expert was in fact reviewing the discovery responses that you claim to have received late, and that **you asked for a continuance of the hearing on the Motion for Summary Judgment, so that your expert could render an opinion.** That's what you told the Court.

3

MR. ILES: Yes, Your Honor, I did that.

Plaintiff then requested another continuance for additional time for his expert to produce a report. The trial court responded:

> THE COURT: We're not. However, that gets trumped when a summary judgment is filed and you are then put on notice that you need to present something in opposition. It would be different if this was our first time here. . . . I thought we were all clear, when we were last here, that your expert would have a report in time to oppose this motion, when we all agreed on this date, last time we were in court.
>
> . . . .
>
> Now, to come in at the end of that argument and say, well, I need-- my guy needs some more stuff. Well, the time to do that would have been before today to say, well, we've received it. My expert has looked at it, and now he needs the following, and to put that on my plate. Nobody put that on my plate. Nobody filed a Motion to Continue this hearing, which means everybody was ready to go on this Motion for Summary Judgment.

The trial court also underscored that no sworn expert opinion was submitted by the Plaintiff to support the allegations against Defendant.  In support of the motion, Defendant presented the affidavit of Dr. James Stephen Jenkins, who opined that the Defendant did not breach the applicable standard of care.

The trial court ultimately ruled as follows:

> I'm granting the Motion for Summary Judgment. There's been no opposition to the summary judgment put forth by the Plaintiff. The medical opinion of the expert put forth by the Defendant in this matter, has indicated that there was no breach of standard of care. At that point, I believe the Plaintiff has been put on notice to present evidence in opposition to that. The Plaintiff has presented nothing in opposition to that. For those reasons, summary judgment is granted as prayed for.

A judgment dismissing Plaintiff's claims against Defendant pursuant to the motion for summary judgment was signed by the trial court on May 31, 2023. It is from this judgment that Plaintiff has appealed.

## ASSIGNMENT OF ERROR

Plaintiff argues that the trial court erred in granting Defendant's motion for summary judgment, thereby dismissing Plaintiff's claim on the issue of liability when liability was not in serious dispute.

## STANDARD OF REVIEW

Motions for summary judgment are reviewed using a de novo standard. *Planchard v. New Hotel Monteleone*, *LLC*, 21-347 (La. 12/10/21), 332 So.3d 623. An appellate court assesses whether summary judgment is appropriate utilizing the same standards as the trial court to determine "whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Planchard*, 332 So.3d, at 625.

## LAW AND DISCUSSION

The summary judgment procedure is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof on a motion for summary judgment rests with the mover. La.Code Civ.P. art. 966(D)(1). However, in this matter, because Plaintiff will bear the burden of proof at trial, under La.Code Civ.P. art. 966(D)(1), Defendant need only "point out to the court the absence of factual support for one or more elements essential" to Plaintiff's medical malpractice claim. Thereafter, the burden shifts to Plaintiff to produce factual support sufficient to establish the existence of a genuine issue of material fact or that Defendant is not entitled to judgment as a matter of law.

*Id.* If Plaintiff fails to produce sufficient factual support in his opposition which proves the existence of a genuine issue of material fact, Article 966(D)(1) mandates the granting of the motion for summary judgment. La.Code Civ.P. art. 967(B); *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37.

The essential elements of a medical malpractice claim are set forth in La. R.S. 9:2794(A), which requires a plaintiff to prove as follows:

> (1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians . . . licensed to practice in the State of Louisiana and actively participating in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians . . . within the involved medical specialty.

> (2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.

> (3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred.

Thus, a plaintiff in a medical malpractice action must prove by a preponderance of the evidence: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) a causal connection between the breach and the resulting injury. La.R.S. 9:2794(A); *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. To overcome the burden of La.R.S. 9:2794, a plaintiff must show that a genuine issue of material fact exists as to each of the elements of La.R.S. 9:2794. La.Code Civ.P. art. 966(D)(1).

Because of the complex medical and factual issues involved, expert testimony is generally required to establish the applicable standard of care and any breach thereof, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. *Schultz v. Guoth*, 10-343 (La.

6

1/19/11), 57 So.3d 1002; see also *Pfiffner v. Correa*, 94–924, 94–963, 94–992 (La.10/17/94), 643 So.2d 1228. Expert witnesses who are members of the medical profession are necessary sources of proof in medical malpractice actions to determine whether the Defendant possessed the requisite degree of skill and knowledge or failed to exercise reasonable care and diligence. *Martin v. East Jefferson Gen. Hosp.*, 582 So.2d 1272 (La.1991); see also *Price v. Erbe USA, Inc.,* 09-1076 (La.App. 3 Cir. 6/9/10), 42 So.3d 985.

The existence of an injury alone is insufficient to establish that a health care provider was negligent. La.R.S. 9:2794(C). Expert testimony is likewise generally required to establish causation. *Schultz*, 57 So.3d 1002. When a Plaintiff in a medical malpractice action is unable to support the allegations of his petition with expert testimony, summary judgment is appropriate. *Pfiffner*, 643 So.2d 1228. Expert testimony is especially apt when the Defendant in a medical malpractice action has filed a motion for summary judgment and supported such motion with expert opinion evidence that the medical treatment met the applicable standard of care. *Methvien v. Our Lady of the Lake Hosp.*, 22-398 (La.App. 1 Cir. 11/4/22), 354 So. 3d 720; see also *Pollack v. MDA Consultants, L.L.C.,* 22-504 (La.App. 3 Cir. 2/1/23), 362 So.3d 929, *writ denied*, 23-551 (La. 6/7/23), 351 So.3d 976.

On appeal, Plaintiff argues Defendant has never contested the fact that they failed their own protocol and standard of care by failing to initiate contact and notice to Plaintiff of certain abnormalities in his catheter lab procedure. Plaintiff contends the only defense that the doctor and nurse practitioner raised is that the notice would not have changed the outcome. Plaintiff argues, therefore, that the trial court essentially granted summary judgment on a non-issue, i.e., liability.

7

Plaintiff further argues that adequate discovery has not been realized in this case. Plaintiff notes that certain discovery is dated February 20, 2023, some 20 days after a Rule 10.1 conference was held as a result of a motion to compel filed by Plaintiff, and the February 20, 2023, date is also three days after Defendant's motion for summary judgment was actually filed. Plaintiff argues that an expert is required to read and review the discovery in order to provide Plaintiff's counsel with an opinion.

On the other hand, Defendant argues that Plaintiff's allegation that Defendant is liable in this matter is seriously disputed by Defendant, as it produced expert medical testimony to support that Defendant did not breach the applicable standard of care and filed a motion for summary judgment to have Plaintiff's claims against Defendant dismissed. Therefore, the trial court record supports that Defendant's alleged liability is in serious dispute. Furthermore, Defendant underscores that Plaintiff did not produce any competent evidence to support his claim. Without medical evidence in the form of expert testimony to support his claim, the Plaintiff cannot satisfy the essential elements of his claim; therefore, summary judgment was proper.

In assessing Plaintiff's and Defendant's arguments, we note Plaintiff's primary argument is that Defendant's delay in producing discovery responses resulted in plaintiff's failure to obtain an expert opinion by the trial court's deadline. However, as noted in the facts and the trial court judgment, the trial court initially granted a continuance *specifically* because of Defendant's failure to timely produce discovery. The discovery was ultimately provided, dated February 20, 2023, and received in "late February/early March," according to Plaintiff. However, the date of the hearing on Defendant's motion for summary judgment was May 15, 2023; thus discovery was complete as of February 20, 2023; months before the hearing.

8

At the May 15, 2023 hearing on Defendant's motion for summary judgment, the trial court stated, "I thought we were all clear, when we were last here, that your expert would have a report in time to oppose this motion, when we all agreed on this date, last time we were in court." However, Plaintiff failed to timely file an opposition to the motion for summary judgment. Specifically, *no opposition* was filed before the May 15, 2023 hearing, and Plaintiff also failed to submit any evidence or an expert affidavit opposing the evidence/affidavit offered by Defendant. Discovery was complete as of February 20, 2023, months before the May 15, 2023 hearing, and if indeed Plaintiff's expert required more time to review the February 2023 discovery, Plaintiff failed to file a motion to continue the May 15, 2023 hearing to allow the expert to review the materials provided by Defendant.

Because Plaintiff failed to oppose Defendant's motion for summary judgment with appropriate evidence or an expert affidavit, and further failed to request a continuance, if one was necessary, the trial court did not err in granting Defendant's motion for summary judgment.

## **DECREE**

For the reasons stated above, the trial court's judgment granting Defendant's motion for summary judgment is affirmed. The costs of this appeal are assessed against Plaintiff/Appellant, Mark Smith.

**AFFIRMED.**